## Third Department, April, 1957.

### (April 10, 1957)

Sarah A. Wells et al., Appellants, v. Leonard D. Goodrich, Respondent.

*Per Curiam.* A jury has found against plaintiffs in their action based on a motor vehicle collision and the questions on appeal are whether the verdict is against the weight of the evidence and whether there were errors in the charge.

The jury could here have found that plaintiff Sarah A. Wells, driving on a street ahead of defendant's car, started to make a right turn into a private driveway without giving warning by a directional signal or by hand and arm; and that the slowing down and change of direction were sudden and not reasonably to be expected by defendant. This differs from plaintiffs' claim; but it could readily be found on the whole record.

If the jury found this it would find in the case of Sarah A. Wells a verdict for defendant, even though it found that defendant was negligent, because it could be found on this state of facts that Sarah A. Wells did not give suitable warning of her intention to turn into the driveway.

Whether the verdict in the case of Elmer Wells, the absent owner of the vehicle driven by Sarah A. Wells, is also not against the weight of evidence, is a closer question since the driver's contributory negligence would not be attributed to him in these circumstances; but on the whole record we think also that the holding of the jury that defendant was not negligent at all, necessarily implied in the verdict in Elmer Wells' case, is consistent with the evidence; and no special point is made on appeal about the difference between the two cases.

The sections of the Vehicle and Traffic Law read by the Judge in his main charge were appropriate to the case. No exception was taken to this part of the charge; and his refusal to charge the language of subdivision 1 of section 56, at the request of plaintiffs is not error in the context of the general instructions by the court that due care and caution must be observed by both drivers.

The judgment should be affirmed, with costs to respondents.

Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.

Judgment affirmed, with costs to respondent.